1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
GEORGE T. HAWES *et al.*,                )
                                                    )        Case No. C15-1956RSL
                              Plaintiffs,      )
                                                    )
            v.                                     )
                                                    )        ORDER DENYING MOTION TO
KABANI & COMPANY, INC., *et al.*,       )        DISMISS PURSUANT TO FEDERAL
                                                    )        RULES OF CIVIL PROCEDURE
                              Defendants.     )        12(b)(2), 12(b)(3), AND 12(b)(6)
_____)

This matter comes before the Court on "Defendants' Motion to Dismiss Pursuant to

Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6)." Dkt. # 15. Plaintiffs,

shareholders of Washington-headquartered L&L Energy, Inc. ("L&L"), allege that defendants

engaged in negligent and intentional misrepresentation, violated Washington state securities

laws, and were unjustly enriched in the process of auditing L&L. Defendant Hamid Kabani

("Mr. Kabani") is a California resident and the managing principal of Kabani & Company, Inc.

("Kabani & Co."), a California corporation with headquarters in Los Angeles. Together,

defendants move to dismiss plaintiffs' Complaint on the basis that the Court lacks personal

jurisdiction, that venue in this district is improper, and that plaintiffs have failed to state a claim

against Mr. Kabani. Having reviewed the memoranda, declarations, and exhibits submitted by

the parties, the Court finds as follows:

ORDER DENYING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,
VENUE, AND FAILURE TO STATE A CLAIM

1

## I.     Personal Jurisdiction

2         Plaintiffs have the burden of demonstrating that the Court may exercise personal

3 jurisdiction over defendants.  In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d

4 716, 741 (9th Cir. 2013).  In evaluating defendants' jurisdictional contacts, the Court accepts

5 uncontroverted allegations in the complaint as true.  Menken v. Emm, 503 F.3d 1050, 1056 (9th

6 Cir. 2007).  If a jurisdictional fact is disputed, however, plaintiffs cannot rely on the bare

7 allegations of the complaint and must come forward with additional evidence.  Marvix Photo,

8 Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011).  Conflicts in the evidence

9 provided by the parties must be resolved in plaintiff's favor.  Schwarzenegger v. Fred Martin

10 Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  Because the Court did not hear testimony or

11 make findings of fact, plaintiffs "need only make a prima facie showing of jurisdiction to

12 withstand a motion to dismiss."  Wash. Shoe Co. v. A-Z Sporting Goods, Inc., 704 F.3d 668,

13 671-72 (9th Cir. 2012) (internal quotation marks and citation omitted).

14        Pursuant to Fed. R. Civ. P. 4(k)(1)(A), federal courts ordinarily follow state law when

15 determining the extent to which they can exercise jurisdiction over a person.  Daimler AG v.

16 Bauman, 134 S. Ct. 746, 753 (2014).  The Washington Supreme Court has held that, despite the

17 rather narrow language used in Washington's long-arm statute, RCW 4.28.185, the statute

18 "extends jurisdiction to the limit of federal due process."  Shute v. Carnival Cruise Lines, 113

19 Wn.2d 763, 771 (1989).  The Court therefore need determine only whether the exercise of

20 jurisdiction comports with federal constitutional requirements.  Easter v. Am. W. Fin., 381 F.3d

21 948, 960 (9th Cir. 2004).

22        In order for this Court to constitutionally exercise jurisdiction over non-resident

23 defendants, plaintiffs must show that each defendant had "certain minimum contacts with [the

24 forum] such that the maintenance of the suit does not offend traditional notions of fair play and

25 substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation

26

ORDER DENYING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,
VENUE, AND FAILURE TO STATE A CLAIM        -2-

1
2
3
4
5
6
7
8
9
10

marks and citation omitted). Personal jurisdiction may be found on either of two theories: "general jurisdiction" and "specific jurisdiction." "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011) (quoting Int'l Shoe, 326 U.S. at 317). Specific jurisdiction, on the other hand, "focuses on the relationship among the defendant, the forum, and the litigation" and exists when "the defendant's suit-related conduct [creates] a substantial connection with the forum State." Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014) (internal quotation marks and citations omitted). Both types of jurisdiction are considered below.

11

### A.    General Jurisdiction as to Both Defendants

12
13
14
15
16
17
18
19
20
21

Plaintiffs assert this Court may exercise general jurisdiction over defendants because of defendants' business relationship with L&L, advertisements posted in magazines with national circulation, and ties to other Washington-based companies. General jurisdiction is an exacting standard and must be based on something more than a defendant's mere "continuous activity." Cf. Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases denying jurisdiction despite considerable contacts). For corporations, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." Daimler AG,134 S. Ct. at 760 (internal marks and citation omitted). Outside those locations, the defendant must have engaged in something more than "a substantial, continuous, and systematic course of business" for a court to exercise general jurisdiction. Id. at 761 (quotation marks and citation omitted).

22
23
24
25

Based on plaintiffs' assertions, defendants lack the type of contacts with Washington that would make them "at home" here. Kabani & Co. is a California corporation with its principal place of business in Los Angeles, Dkt. # 1-1 at 3, and Mr. Kabani is a California resident, Dkt. # 16 at 2. It is uncontroverted that defendants traveled to Washington occasionally over the past

26

ORDER DENYING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,
VENUE, AND FAILURE TO STATE A CLAIM         -3-

several years. Plaintiffs further allege that general jurisdiction is warranted based on defendants'

having audited L&L for seven years, advertised nationally their status as a "top 25" auditor, and

represented other companies with Washington ties. Dkt. # 24 at 22. These allegations, taken

together, fail to demonstrate that defendants have sufficiently extensive connections to

Washington to warrant exercise of general jurisdiction.  Cf. <u>Helicopteros Nacionales de</u>

<u>Columbia, SA v. Hall</u>, 466 U.S. 408, 416 (1984) (rejecting general jurisdiction when defendant's

contacts included an in-state contract negotiation, acceptance of checks drawn from a state bank,

and purchase of substantial equipment and services from the state).  Plaintiffs have failed to

make a prima facie showing on this issue.

### B.  Specific Jurisdiction over Kabani & Co.

Even without general jurisdiction, a court may exercise specific jurisdiction over claims

related to the defendant's "minimum contacts" with the forum state. <u>Walden</u>, 134 S. Ct. at 1121

& n.6.  A court's specific jurisdiction is limited to cases where there is a sufficient connection

between the defendant, the forum, and the cause of action.  <u>Helicopteros</u>, 466 U.S. at 413-14.

The Ninth Circuit applies a three-prong test when determining whether to exercise specific

jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate
> some transaction with the forum or resident thereof; or perform some act by which he
> purposefully avails himself of the privilege of conducting activities in the forum,
> thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-
> related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*
> it must be reasonable.

<u>Schwarzenegger</u>, 374 F.3d at 800.  Under this test, the plaintiff bears the burden of

demonstrating the first two factors.  The burden then shifts to the defendant to make a

ORDER DENYING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,
VENUE, AND FAILURE TO STATE A CLAIM        -4-

"compelling case" as to why exercise of specific jurisdiction would be unreasonable.  Id.

### 1.  Purposeful Direction

A defendant purposefully directs his actions toward a forum state when his conduct was aimed at the state – for example, by distributing commercial goods or services – even if it originated somewhere else.  In purposeful direction cases, Ninth Circuit courts apply a three-part "effects" text: "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1228 (9th Cir. 2011).

First, the "intentional act" requirement "refer[s] to an intent to perform an actual, physical act in the real world" as opposed to "an intent to accomplish a result or consequence of that act." Schwarzenegger, 374 F.3d at 806.  There is little question that Kabani & Co. intended to perform physical actions by auditing L&L, a point it concedes.  Dkt. # 15 at 10.

Second, Kabani & Co.'s intentional, allegedly wrongful acts are relevant only if expressly aimed at the forum state.  Picot v. Weston, 780 F.3d 1206, 1214 (9th Cir. 2015).  A defendant can expressly aim his actions at a state without committing those acts inside state lines.  Dole Food Co. v. Watts, 303 F.3d 1104 (9th Cir. 2002).  For that reason, California – the plaintiff's principal place of business in Dole – had jurisdiction over two European defendants who fraudulently induced their employer (the plaintiff) into implementing a new product distribution system.  Id. at 1108.  The relevant question is whether the defendant's acts "were performed for the very purpose of having their consequences felt in the forum state."  Id. at 1112 (internal quotation marks and citation omitted).[1]

---

[1] By contrast, defendants rely too much on Able Fund v. KPMG Accountants, 247 F. App'x 504 (5th Cir. 2007). In that case, a Texas district court lacked jurisdiction over foreign corporations  alleged to have fraudulently induced foreign investors into investing in an offshore hedge fund.  Id. at 505. Because the defendants' contact with Texas was limited to gathering information and communicating with their Texas attorneys, the alleged wrongdoing was "wholly unrelated to the forum, and no tort

ORDER DENYING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,
VENUE, AND FAILURE TO STATE A CLAIM        -5-

1   In this case, plaintiffs allege that Kabani & Co. engaged in negligent and intentional
2   misrepresentation, violated Washington securities law, and was unjustly enriched during its audit
3   of L&L, a company headquartered in Washington.  Although Kabani & Co. conducted most of
4   its work in California and China and spent a limited amount of time physically in Washington,
5   physical presence is not a jurisdictional prerequisite.  More relevant is the fact that Kabani &
6   Co.'s work was completed for a company headquartered in the forum state, with the company's
7   few trips to Washington made to visit L&L's headquarters.  The Ninth Circuit has recognized
8   the unique role a company's principal place of business plays in the specific jurisdiction
9   analysis.  Dole Food Co., 303 F.3d at 1112.  Because Kabani & Co. knew L&L was
10  headquartered in Washington and directly communicated with decision makers there, its actions
11  were "expressly aimed" at the forum state.

12      Finally, a defendant's actions must cause harm "likely to be suffered" in Washington.
13  Picot, 780 F.3d at 1214.  Economic harm to a corporation can be suffered "'both where the bad
14  acts occurred and where the corporation has its principal place of business.'" Mavrix Photo, Inc.
15  647 F.3d at 1231 (9th Cir. 2011) (quoting Dole Food Co., 303 F.3d at 1113).  Although L&L,
16  not plaintiffs, is the injured corporation, plaintiffs' injuries as shareholders are intrinsically
17  related to L&L's failure.  Plaintiffs allege that, but for defendants' improper audit, L&L and its
18  stock could have avoided a precipitous decline in value.  Dkt. # 1-1 at 4.  Plaintiffs also allege
19  that they relied on defendants' audit and either would not have purchased an interest in L&L or
20  would have previously sold their interest had the audit been properly completed.  Dkt. # 1-1 at
21  11.

22      Economic harm is likely to result from a factually incorrect audit, especially when that
23  audit overstates a company's financial health.  An accounting firm that knowingly or negligently

24  _____

25  [was] alleged to have been committed in whole or part in [that] state." Id. at 506.

26  ORDER DENYING MOTION TO DISMISS
    FOR LACK OF PERSONAL JURISDICTION,
    VENUE, AND FAILURE TO STATE A CLAIM        -6-

produces an incorrect audit should anticipate financial implications for the company and its shareholders.  Defendants gloss over that economic reality by suggesting there is no "evidence that Defendants knew harm was likely to occur in Washington."  Dkt. # 15 at 10. If the defendants' misconduct occurred as alleged, the harm would be felt as acutely at L&L's Washington headquarters as anywhere else.  Defendants' theory that "[a]ny harm suffered was likely suffered where Plaintiffs reside or do business-in New York, Delaware, and Florida" offers no help either. It seems particularly unlikely that a California accounting firm, auditing a Washington company, could foresee suit in Florida.  If defendants are subject to specific jurisdiction anywhere, that place is Washington.

### 2. Arising Out Of

A defendant who has purposefully directed himself toward a forum state exposes himself only to claims that arise out of or relate to his forum-related activities.  To determine whether the claims at issue arose from a defendant's forum-related conduct, the Ninth Circuit applies a "but for" test.  Menken v. Emm, 503 F.3d 1050, 1058 (9th Cir. 2007).  The plaintiffs in this case must show that they would have avoided injury but for the defendants' improperly conducted audits.  See Ballard v. Savage, 65 F.3d 1495, 1500 (1995).

The parties do not dispute the causal relationship between Kabani & Co.'s alleged misconduct and plaintiffs' injuries – indeed, defendants do not address this prong at all. Plaintiffs assert they believed L&L to be in good financial condition on the basis of disclosures made by L&L and endorsed by Kabani & Co.  See, e.g., Dkt. # 1-1 at 12.  Had Kabani & Co.'s audits revealed that many assets claimed by L&L did not actually exist, plaintiffs allege they would not have invested in the company or would have sold their shares earlier. Dkt. # 1-1 at 14. Plaintiffs' uncontroverted assertion that they would have not been injured but for defendants' inaccurate audit satisfies the "arising out of" requirement.

ORDER DENYING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,
VENUE, AND FAILURE TO STATE A CLAIM          -7-

### 3. Reasonableness

When a plaintiff establishes the first two jurisdictional elements, a defendant may rebut with a "compelling case" that exercise of jurisdiction is not reasonable. Menken, 503 F.3d at 1057. Of the seven reasonableness factors set forth in CE Distribution, LLC v. New Sensor Corp., 380 F.3d 1107, 1112 (9th Cir. 2004), the most relevant to this case are: the extent of the defendants' purposeful interjection into the forum state's affairs; the burden on the defendant of defending in the forum; and the forum state's interest in adjudicating the dispute.[2] After considering these factors, the Court finds defendants' case insufficiently compelling.

As discussed above, Kabani & Co. continuously interjected itself into the forum state by performing a substantial amount of work for a client headquartered here. Kabani & Co. appropriately concedes that a claim flowing from that work does not conflict with their home state's (California's) sovereignty. Dkt. # 15 at 13. Further, although defendants suggest New York may provide a more appropriate forum because of ongoing, related litigation there, id. at 13-14, that argument cuts against several other reasonableness factors. The alleged injury was felt no more strongly in New York – admittedly the home state for two plaintiffs – than in Washington: the plaintiffs' ownership interest was over a Washington company and has no relationship to New York. The physical location of that ownership interest also weighs on the forum state's interest in resolving this dispute. In addition, Washington's proximity to defendants' home state makes it a more convenient forum than the plaintiffs' home states, New York and Florida. Finally, although the parties dispute Washington's efficiency as a forum, compare Dkt. # 15 at 13 ("No witnesses or evidence are located in Washington."), with Dkt. #

---

[2] The remaining factors are: the extent of conflict with the sovereignty of the defendants' state; the most efficient judicial resolution of the controversy; the importance of the forum to the plaintiff's interest in convenient and effective relief; and the existence of an alternative forum. CE Distribution, LLC, 380 F.3d at 1112.

ORDER DENYING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,
VENUE, AND FAILURE TO STATE A CLAIM          -8-

24 at 17 ("Plaintiffs believe that more evidence and witnesses exist in Washington than in any other state."), conflicts resolve in plaintiffs' favor. <u>Schwarzenegger</u> 374 F.3d at 800. Taken together, these factors do not weigh heavily enough in defendants' favor to overcome the presumption in favor of this Court's jurisdiction.

### C.  Specific Jurisdiction over Mr. Kabani

Personal jurisdiction over Kabani & Co. does not automatically confer jurisdiction over Mr. Kabani. As in the liability context, the corporate form provides some protection for its employees for jurisdictional purposes. <u>Davis v. Metro Prods., Inc.</u>, 885 F.2d 515, 520 (9th Cir. 1989).  Under the fiduciary shield doctrine, "[a] person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." <u>Id.</u>  Rather, jurisdiction over an individual's work-related activities has been interpreted to be a function of both constitutional due process and state law requirements.  In <u>Calder v. Jones</u>, 465 U.S. 783 (1984), the Supreme Court applied a due process analysis, stating that regardless of their status as employees, "[e]ach defendant's contacts with the forum State must be assessed individually." <u>Id.</u> at 791. Applying <u>Calder</u>, the Ninth Circuit has looked first to a state's interpretation of its own long-arm statute, and when appropriate to the limits of federal due process. <u>Davis</u>, 885 F.2d at 522.  Following both <u>Calder</u> and <u>Davis</u>, Washington courts have held that because a corporation's actions cannot be imputed to its employees, "each defendant's contacts with the forum State must be assessed individually." <u>Failla v. FixtureOne Corp.</u>, 181 Wn.2d 642, 651 (2014) (internal marks and citation omitted). Because Washington's long-arm statute applies coextensively with federal due process, <u>Shute</u>, 113 Wn.2d at 771, the appropriate analysis for this Court's personal jurisdiction over Mr. Kabani is the same minimum contacts analysis that applied to Kabani & Co.  <u>Cf.</u> <u>Davis</u> 885 F.2d at 522 (9th Cir. 1989) (concluding that because Arizona's long-arm statute extends to the limits of constitutional due process, the statute "allow[s] assertion of personal jurisdiction over officers of

ORDER DENYING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,
VENUE, AND FAILURE TO STATE A CLAIM          -9-

1  a corporation as long as the court finds those officers to have sufficient minimum contacts with

2  Arizona").

3       Defendants' briefing on this Court's jurisdiction over Mr. Kabani is relatively sparse.

4  Defendants correctly argue that the fiduciary shield doctrine prevents this Court from exercising

5  jurisdiction over Mr. Kabani simply because of his employment with Kabani & Co.  Dkt. # 15 at

6  15.  Missing, however, are assertions that refute facts alleged by plaintiffs.  Although plaintiffs'

7  complaint refers in some places to Kabani & Co. alone and in others to "Defendants," meaning

8  both Mr. Kabani and Kabani & Co., the allegations as a whole implicate both the man and the

9  company.  See, e.g., Dkt. # 1-1 at 2 ("This lawsuit arises out of Defendants' repeated failures to

10  competently perform their responsibilities."); id. at 5 ("In August 2009, Defendants issued an

11  audit report . . . ."); id. ("Defendants consented to L&L's use of the 2009 Audit Report in L&L's

12  SEC filings.").  It is not disputed that Mr. Kabani traveled to Washington on two occasions in

13  relation to L&L's audit, Dkt. # 16 at 2-3, and defendants do not otherwise suggest that Mr.

14  Kabani was uninvolved the audit process.

15       If plaintiffs' factual allegations are uncontroverted, those allegations are taken as true.

16  Although Mr. Kabani had less physical contact with the forum state than Kabani & Co., physical

17  presence is not a prerequisite for this Court to exercise jurisdiction over him.  Mr. Kabani's

18  involvement in the audit, including his travel to Washington and his signature on at least one of

19  the audit reports at issue, Dkt. # 27 at 11, created sufficient minimum contacts with Washington

20  to satisfy the requirements outlined above. For the same reasons discussed with respect to

21  Kabani & Co., this Court has jurisdiction over Mr. Kabani.

22  **II.    Failure to State a Claim Against Mr. Kabani**

23       In addition to their challenges to jurisdiction and venue, defendants move to dismiss all

24  claims against Mr. Kabani under Fed. R. Civ. P. 12(b)(6).  The question on a motion to dismiss

25  is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief.

26  ORDER DENYING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,
VENUE, AND FAILURE TO STATE A CLAIM        -10-

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  All well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party.  Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008).  "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Taylor v. Yee, 780 F.3d 928, 935 (9th Cir. 2015) (internal citation omitted).

Defendants assert that plaintiffs' complaint fails to state a claim for piercing the corporate veil and thus all claims against Mr. Kabani should be dismissed.  Although the corporate form protects shareholders from personal liability for corporate debts, Bd. of Trustees of Mill Cabinet Pension Trust Fund for N. Cal. v. Valley Cabinet & Mfg. Co., 877 F.2d 769, 772 (9th Cir. 1989), it does not protect a company's employees from liability for their own actions.  Rather, plaintiffs correctly assert that a high-ranking officer like Mr. Kabani "is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1021 (9th Cir. 1985) (quotation marks and citation omitted).  An employee cannot hide behind the corporate form after he participates in an alleged tort.  Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 734 (9th Cir. 1999).

Plaintiffs' complaint alleges sufficient facts to plausibly implicate Mr. Kabani on the basis of his own actions.  As discussed above in reference to this Court's jurisdiction, the complaint asserts in several locations that both Mr. Kabani and Kabani & Co. participated in the L&L audit and that both parties approved the use of that audit in L&L's securities filings. Dkt. # 1-1 at 5, 10.  Mr. Kabani's alleged participation in the audit process means that he took part in the wrongdoing that occurred.  The corporate shield provides Mr. Kabani no protection from liability as an independent actor, including actions taken within the scope of his employment. Viewed in the light most favorable to plaintiffs, these allegations state a plausible claim for the

ORDER DENYING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,
VENUE, AND FAILURE TO STATE A CLAIM         -11-

1    requested relief.

2    **III.   Venue**

3          Defendants' final argument is that venue is improper in this district under 28 U.S.C. §

4    1391(b) because defendants do not reside here, none of the events giving rise to this action

5    occurred in Washington, and defendants are not subject to personal jurisdiction in this district.

6    With respect to defendant Kabani & Co., however, "a defendant that is a corporation shall be

7    deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time

8    the action is commenced."  28 U.S.C. § 1391(c).  Because the Court has the power to exercise

9    personal jurisdiction over defendant Kabani & Co., that defendant "resides" in this district and

10   venue is proper.

11         With respect to Mr. Kabani, venue here is appropriate if "a substantial part of the events

12   or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

13   of the action is situated" in this district.[3] 28 U.S.C. § 1391(b)(2).  "[T]he substantiality of the

14   operative events is determined by assessment of their ramifications for efficient conduct of the

15   suit,"  Myers v. Bennett Law Offices, 238 F.3d 1068, 1076 (9th Cir. 2001) (citation omitted),

16   and can be "measured by considering the nexus between the events and the nature of the

17   claims."  Lee v. Corr. Corp. of Am., 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007) (citation

18   omitted).  Other circuits look to whether "significant events or omissions material to the

19   plaintiff's claim . . . have occurred in the district in question, even if other material events

20   occurred elsewhere."  Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005).  On that

21   basis, the court in Samson Tug & Barge Co. v. Koziol, 869 F. Supp. 2d 100 (D. Alaska 2012),

22   found venue appropriate when an Alaska corporation was allegedly injured by Californian and

23   Nevadan defendants' breach of contract because the plaintiff's economic injury was felt in

24
25         [3] The other sub-parts of 28 U.S.C. § 1391(b) – location of defendant's residence or availability
     of other venues – do not apply in this situation.

26   ORDER DENYING MOTION TO DISMISS
     FOR LACK OF PERSONAL JURISDICTION,
     VENUE, AND FAILURE TO STATE A CLAIM        -12-

Alaska. In <u>Xcentric Ventures LLC v. Borodkin</u>, 2012 WL 692976 (D. Ariz. Mar. 1, 2012), venue was appropriate in Arizona district court because, even though the subject of the lawsuit occurred in California, the defendants' contact with Arizona included phone calls, letters, and in-person visits.

In this case, plaintiffs' complaint alleges that the audit reports compiled by both defendants between 2009 and 2013 were addressed to L&L, whose headquarters was in Washington.  Mr. Kabani also traveled to Washington on two occasions.  Although these alleged contacts are sparser than in the cases cited above, there remains a clear connection between Mr. Kabani's actions that occurred in Washington and plaintiffs' claims.  The source of those injuries – the false audit reports – is alleged to have been sent by Mr. Kabani, addressed to L&L, in five successive years.  These audit reports make up a significant element of the disputes at issue, and their delivery to L&L is relevant even if the information contained was collected elsewhere.  Finally, it is clear that economic injury occurs in Washington when a company headquartered here collapses.  For the foregoing reasons, venue in this district is proper.

Based on the reasons discussed, defendants' motion for lack of jurisdiction, failure to state a claim, and improper venue is DENIED.

Dated this 20th day of April, 2016.

*MM S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,
VENUE, AND FAILURE TO STATE A CLAIM        -13-